UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRICKET COMMUNICATIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-cv-01448 ) |
| ZAM, LLC, MOHAMMED A. RIHAN, and REHAM ABUHELAL | ) ) ) ) |
| Defendants. | ) ) |

## **INITIAL CASE MANAGEMENT ORDER**

Pursuant to LR 16.01(d), the following Initial Case Management Plan is adopted:

1. JURISDICTION: The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331 and Sections 32(1) and 43(a) of the Lanham Act of 1946, 15 U.S.C. § 1114(1) and 1125(a). There is no dispute as to subject matter jurisdiction.

2. PARTIES' STATEMENT OF THE CASE:

Cricket filed this action on December 23, 2013 seeking injunctive relief to enforce the obligations in the Dealer Agreement between the parties. On December 23, 2013, the Court entered a Temporary Restraining Order ("TRO") enjoining Defendants from, among other things, engaging in the sale of wireless telephones or data services in violation of the Dealer Agreement, disposing of Cricket devices or proceeds from the sale of those devices, infringing upon Cricket's marks, or violating the non-compete or non-diversion provisions in the Dealer Agreement. See TRO (Doc. 13).

Pursuant the parties' agreement, the Court extended the TRO. See Order (Doc. 24). This matter came for hearing on February 10, 2014, upon Plaintiff's Motion for Contempt. The

7/3365594.1

motion was granted in part and denied in part. As a sanction for the finding of contempt, the Court extended the non-compete provision of the Dealer Agreement, found at paragraph 8(g), to run for six months, from January 26, 2014 until July 26, 2014. See Order (Doc. 32).

On March 7, 2014, Defendants filed an Answer and Counterclaim, asserting that Cricket breached the Dealer Agreement in terminating the Zam store locations and seeking damages.

The Dealer Agreement contains an arbitration, which provides that except for certain actions involving injunctive relief, "all disputes arising out of this Agreement shall be resolved by arbitration conducted in Franklin, Tennessee in accordance with the Rules of the American Arbitration Association." Dealer Agreement ¶ 11(h). Pursuant to the arbitration provision, Cricket filed an arbitration demand with the AAA on March 6, 2014.

The parties agree that this dispute shall proceed in arbitration pursuant to the arbitration provision in the Dealer Agreement and that all proceedings in this action shall be stayed pending arbitration, except as it concerns the order extending the non-compete provision until July 26, 2014. The Court shall retain jurisdiction to enforce its order extending the non-compete and to the extent they deem it necessary and appropriate, the parties may take discovery on the injunctive claims asserted in this action. In addition, the parties reserve the right to seek leave to lift the stay as to other claims as the parties may agree or to the extent those claims are determined to be non-arbitrable.

3. IDENTIFICATION OF THE ISSUES: The parties agree that this dispute shall proceed in arbitration pursuant to the arbitration provision in the Dealer Agreement, except as it concerns the order extending the non-compete provision until July 26, 2014.

4. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE FED. R. CIV. P.: The parties do not anticipate any additional

counterclaims, cross claims, third party clams, joinder of other parties or claims, or class action certification.

5. WITNESSES. The parties identify the named Defendants and the Cricket representatives and witnesses in the record.

6. INITIAL DISCLOSURES AND DISCOVERY: The parties agree that this dispute shall proceed in arbitration pursuant to the arbitration provision in the Dealer Agreement and that all proceedings in this action shall be stayed pending arbitration, except as it concerns the order extending the non-compete provision until July 26, 2014.

7. DISPOSITIVE MOTIONS: The parties do not anticipate the filing of dispositive motions.

8. OTHER DEADLINES: None.

9. SUBSEQUENT CASE MANAGEMENT CONFERENCE: It is not anticipated that a subsequent case management conference will be needed.

10. ALTERNATE DISPUTE RESOLUTION: The parties agree that this dispute shall proceed in arbitration pursuant to the arbitration provision in the Dealer Agreement and that all proceedings in this action shall be stayed pending arbitration, except as it concerns the order extending the non-compete provision until July 26, 2014.

11. TARGET TRIAL DATE. None.

It is so **ORDERED**.

ENTERED this the _14th_ day of _March_, 2014.

_____
JOHN S. BRYANT
U.S. MAGISTRATE JUDGE

APPROVED FOR ENTRY BY:

*s/ Joshua J. Phillips*
Russell B. Morgan, BPR No.020218
Joshua J. Phillips, BPR No. 025636
BRADLEY, ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
615-252-2311
rmorgan@babc.com
jphillips@babc.com

*Attorneys for Cricket Communications, Inc.*

*-and-*

*s/ Garry Grooms (with permission)*
Garry Grooms
STITES & HARBISON PLLC
401 Commerce Street, Ste. 800
Nashville, TN 37219
(615) 782-2213
garry.grooms@stites.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being forwarded via the Court's ECF System to the following on March 12, 2014:

Jose M. Lopez
Lopez, Severt & Pratt Co., L.P.A.
18 East Water Street
Troy, Ohio 45373
(937) 335-5658
jml@lsplaw.org

Garry Grooms
STITES & HARBISON PLLC
401 Commerce Street, Ste. 800
Nashville, TN 37219
(615) 782-2213
garry.grooms@stites.com

*Counsel for Defendants*

                                          *s/ Joshua J. Phillips*